

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

April 30, 2019

**BY ECF**

The Honorable George B. Daniels
United States District Judge
United States District Court
500 Pearl Street, Room 1310
New York, NY 10007

      Re:    *EVRM Limited v. SDKA North America, LLC, et al.*,
              No. 19-cv-1861 (GDB) (RWL) – The Complaint Should
              <u>Be Dismissed for Lack of Subject Matter Jurisdiction</u>

Dear Judge Daniels:

        This firm represents defendants SDKA North America, LLC ("SDKA North America"), Christopher Kelly ("Kelly"), and Gurpreet Rai ("Rai," and collectively with SDKA North America and Kelly, "Defendants"). A default was entered against Defendants on April 18, 2019 (ECF # 27-29). I was retained on April 25, 2019, and am preparing a motion to vacate that default (to which plaintiff has refused to consent). However, I have determined that the Court lacks subject matter jurisdiction because there is an alien plaintiff and alien defendants, and thus no diversity. Accordingly, Defendants respectfully request that the Court dismiss this action now, pursuant to Fed. R. Civ. P. 12(b)(1), before entertaining unnecessary motion practice regarding the default that will lead to the same result.

**Background**

        On February 27, 2019, plaintiff EVRM Limited ("EVRM") filed the Complaint in this action. (ECF # 1 ("Compl.").) On April 17, 2019, EVRM filed an Affirmation in Support of Clerk's Certificate of Default (ECF # 26), along with a proposed Clerk's Certificate of Default for each Defendant. (ECF # 23-25.) On April 18, 2019, the Deputy Clerk of the Court signed and entered the Clerk's Certificate of Default for each of the Defendants (ECF # 27-29).

        EVRM is a "United Kingdom company" that is "based in the United Kingdom." (Compl. ¶¶ 4, 6.) EVRM alleges that SDKA North America, a limited liability company, is "headquartered in New York City," but EVRM fails to allege who the members are and what their citizenship is, as the law requires.[1] (Compl. ¶ 7.) EVRM alleges that

---

[1] Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating that grounds for diversity exist and that diversity is complete. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d

Hon. George B. Daniels             - 2 -             April 30, 2019

Kelly "is a resident of New York," and that Rai "is a resident of New Jersey." (Compl. ¶¶ 8, 9.) Based on these allegations alone,[2] EVRM asserts that the Court has diversity jurisdiction because "Plaintiff is a United Kingdom company and defendants are residents of the State of New York and New Jersey (and SDKA North America LLC is a company headquartered in New York)." (Compl. ¶ 4.)

In fact, Kelly is a citizen of the United Kingdom and is a permanent resident of the United States. (Ex. 1 ¶¶ 1-2.)[3] Kelly is also one of SDKA North America's members.[4] (Ex. 1 ¶ 3.)

**The Court Lacks Subject Matter Jurisdiction**

The federal diversity statute provides that diversity exists between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). Both before and after Congress amended this section in 2011, the courts of this Circuit have routinely held that a permanent resident alien *is an alien*, not a citizen of his state of residency, for diversity purposes. *See, e.g.*, *Tovar v. Indiana*, No. 11 Civ. 776 (DAB), 2011 WL 5423161, at *2 (S.D.N.Y. Nov. 8, 2011); *Hubei Jingzhou Yizhuo Indus.*, 2010 WL 5174337, at *2-3; *Tagger v. Strauss Grp. Ltd.*, No. 18-CV-2923 (BMC), 2018 WL 4356725, at *3 (E.D.N.Y. Sept. 12, 2018); *LBA Int'l Ltd. v. C.E. Consulting LLC*, No. 08 Civ. 6797 (SAS), 2010 WL 305355, at *2-3 (S.D.N.Y. Jan. 26, 2010); *Marcus v. "Five J" Jewelers Precious Metals Indus. Ltd.*, 111 F. Supp. 2d 445, 448 (S.D.N.Y. 2000); *Lloyds Bank PLC v. Norkin*, 817 F. Supp. 414, 417 (S.D.N.Y. 1993). Thus, defendants Kelly (a permanent resident alien) and SDKA North America (of which Kelly is a member) are aliens for this analysis.

Diversity jurisdiction requires *complete* diversity between *all* plaintiffs and *all* defendants. *See, e.g.*, *Lloyds Bank*, 817 F. Supp. at 417 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). And so where (as here) a permanent resident alien (like plaintiff EVRM) appears opposite another alien (like defendants Kelly and Rai), diversity is destroyed, and dismissal is mandatory. *See Tovar*, 2011 WL 5423161, at *2;

---

Cir. 2001). The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

[2] The Complaint asserts only state law causes of action (*see* Compl. ¶¶ 25-40), and thus there is no federal question subject matter jurisdiction.

[3] In resolving a motion to dismiss for lack of subject matter jurisdiction a district court may consider evidence outside the pleadings. *See, e.g.*, *Hubei Jingzhou Yizhuo Indus. Co., Ltd. v. JNJ Rest. Supplies, Inc.*, No. 10 Civ. 2642 (WHP), 2010 WL 5174337, at *2 (S.D.N.Y. Dec. 9, 2010). Although unnecessary for purposes of resolving this motion, in fact, Rai is also an alien because he is a citizen of the United Kingdom and a permanent resident of the United States.

[4] The other is Adam Lockyer, who is a U.S. citizen domiciled in South Carolina, but, as set forth *infra*, his citizenship is not relevant to the jurisdictional analysis because there is an alien on each side.

Hon. George B. Daniels - 3 - April 30, 2019

*Hubei*, 2010 WL 5174337, at \*2-3; *Tagger*, 2018 WL 4356725, at \*3; *LBA Int'l*, 2010 WL 305355, at \*2-3; *Marcus*, 111 F. Supp. 2d at 448; *Lloyds Bank*, 817 F. Supp. at 417.

Where a federal court lacks subject matter jurisdiction, a default is "void," and "it is the Court's duty to dismiss a complaint … regardless of whether a default has been entered." *Leonard J. Strandberg & Assocs. v. Misan Const. Corp.*, No. 08-CV-2939 (SJF) (ETB), 2010 WL 1565485, at \*7 (E.D.N.Y. Apr. 19, 2010). *See also HICA Educ. Loan Corp. v. Romeo*, No. 12-CV-5244 (ADS) (SIL), 2015 WL 1529820, at \*4 (E.D.N.Y. Apr. 3, 2015) (same).[5]

Accordingly, Defendants respectfully request that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) at this time, rather than require the parties to engage in, and the Court to entertain, unnecessary motion practice regarding the default entered.

Respectfully submitted,

John N. Orsini

Attachments

cc: All counsel of record (*via ECF*)

---

[5] *Cf. Hubei*, 2010 WL 5174337, at \*3 (where diversity was lacking because of an alien on one side and permanent resident aliens on the other, the court lacked subject matter jurisdiction and plaintiff's motion for a default judgment was moot); *Strachan v. Schweiger*, No. 10-CV-4527 (JFB) (WDW), 2011 WL 4056115, at \*2-3 (E.D.N.Y. Sept. 12, 2011) (where there was no diversity or federal question jurisdiction, plaintiff's motion for a default judgment was moot).